UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DAVID EUGENE VOELKERT,

          Petitioner,          Case No. 1:23-cv-495

v.

                                                Honorable Ray Kent

MICHAEL BURGESS,

          Respondent.
_____/

**ORDER OF TRANSFER**

      This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner David Eugene Voelkert is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. He is currently serving a sentence of 6 years, 4 months to 15 years imposed by the Muskegon County Circuit Court after Petitioner was convicted of criminal sexual conduct, third degree. *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=467972 (last visited May 18, 2023).

      Petitioner, however, is not challenging his Michigan conviction in his habeas petition. Instead, Petitioner challenges his convictions and sentences imposed by the St. Joseph County Superior Court in South Bend, Indiana. (Pet., ECF No. 1, PageID.1.) Petitioner avers that on November 30, 2021, following a bench trial, that court found him guilty of two counts of child molestation. (*Id.*) On December 22, 2021, he was sentenced to a total of 47 years' incarceration. (*Id.*)

From the limited record before the Court, it appears that Petitioner is not yet serving his Indiana sentence. Moreover, it is not clear whether Indiana has filed a detainer against Petitioner with the MDOC to ensure that Petitioner is transferred to Indiana's custody upon his release by the MDOC. The Rules Governing Section 2254 Cases set forth that if a petitioner is subject to future custody under the state court judgment being challenged, as is the case here with Petitioner, the habeas petition must name both the official who has current custody of the petitioner as well as the attorney general of the state where the judgment was entered. *See* Rule 2(b) and Advisory Committee Notes, Subdivision (b)(4), Rules Governing Section 2254 Cases. Petitioner properly named Warden Burgess as the official who has current custody over him. Given that Petitioner is challenging his Indiana judgment, the Court will direct the Clerk to add the Indiana Attorney General as a Respondent in this matter.

Because Petitioner is currently incarcerated in Michigan, he could properly seek habeas relief in this district, even though he is challenging his Indiana conviction. *See Koetting v. Thompson*, 995 F.2d 37, 39 (5th Cir. 1993) (concluding that a federal prisoner confined in Texas who was challenging a Missouri detainer could seek habeas relief in a Texas federal court because the Texas court and the federal district courts in Missouri had "concurrent jurisdiction over the habeas petition"). Although this Court could properly exercise jurisdiction over Petitioner's habeas petition, it is still necessary to consider which district is the most appropriate venue.

Venue in habeas corpus actions is governed by 28 U.S.C. § 2241. That statute allows a petition to be filed either in the district where the petitioner is in custody or in the district in which the petitioner was convicted. 28 U.S.C. § 2241(d). However, "[w]here a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum." *Braden v. 30th Jud. Circuit Ct. of Ky.*, 410 U.S. 484,

499 n.15 (1973). In fact, the Supreme Court concluded that the district of confinement "will not in the ordinary case prove as convenient as the district court in the State which has lodged the detainer." *Id*.

As noted above, Petitioner was convicted in St. Joseph County, Indiana, which is within the Northern District of Indiana. *See* 28 U.S.C. § 94(a). Applying traditional venue considerations, the Court concludes that Petitioner's habeas action should be litigated in that district, rather than this Court. Although Petitioner is currently incarcerated in Michigan, his claims for relief will require the application and interpretation of Indiana law. Furthermore, the state court record is located in Indiana, and the party who will have to respond to Petitioner's claims for relief—presumably the Indiana Attorney General—is located in Indiana.

Given these considerations, the best venue for Petitioner's habeas petition is not this district, but the Northern District of Indiana. *See Byrd v. Martin*, 754 F.2d 963, 965 (11th Cir. 1985) (noting that "[t]he most convenient forum will often be the district in the state whose conviction if being attacked . . . ."); *Wilkins v. Erickson,* 484 F.2d 969, 973 (8th Cir. 1973) (concluding that a habeas petition filed by a Montana prisoner housed in a South Dakota prison was properly transferred from the District of South Dakota to the District of Montana, because Montana, being the place of conviction, was the preferable venue). Accordingly, in light of the foregoing,

**IT IS ORDERED** that the Clerk is directed to add the Indiana Attorney General to the docket as a Respondent in this matter.

**IT IS FURTHER ORDERED** that this case is hereby transferred to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a).

Dated:  May 18, 2023                    /s/ Ray Kent
                                        Ray Kent
                                        United States Magistrate Judge